**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2425
_____

MICHAEL SAMPSON; JACQUELINE M. PIERRO; M. A. S., JR.; A. P. S.

v.

BERGEN COUNTY PROSECUTORS OFFICE; ROBERT ANZILOTTI; JAMES
MCMORROW; JOE HORNYAK; BRIAN GRIEFER; LETICIA VERPENT, N.J.
DCPP; D/SGT S. MACKAY, Cliffside park boro police P.D.; LODI BOROUGH
POLICE DEPARTMENT; JOHN/JANE DOE'S

MICHAEL SAMPSON, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:14-cv-05983)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 26, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Sampson appeals pro se from the District Court's orders dismissing his claims against certain defendants and granting summary judgment in favor of the sole remaining defendant. For the following reasons, we will affirm the District Court's judgment.

I.

Following his arrest on state charges of murder, child endangerment, and drug and weapons violations, Sampson filed a civil rights complaint in the United States District Court for the District of New Jersey. He subsequently filed a second amended complaint, bringing claims under state and federal law on behalf of himself, his wife, and their children. The second amended complaint alleged false arrest, unlawful seizure of property, excessive force, conspiracy to violate civil rights, and violation of the right to familial integrity.

Most of the defendants moved to dismiss the second amended complaint for failure to state a claim. In March 2017, the District Court granted that motion in part and dismissed the bulk of the claims without prejudice for failure to state a claim.[1] But the District Court allowed Sampson to proceed on his state and federal claims for excessive force based on an allegation that Undersheriff Joseph Hornyak spat on him on two occasions: once during the initial arrest and then again while police transported him from

---

[1] In its decision, the District Court properly held that Sampson, who filed the second amended complaint pro se, could not bring claims on behalf of third parties. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam).

the apartment where he was arrested to another location for questioning. The District Court instructed Sampson that, should he wish to cure the defects, he had to move for leave to amend and submit a proposed pleading.

While the case proceeded to discovery on the claims against Undersheriff Hornyak, Sampson made multiple unsuccessful attempts to amend the dismissed claims. As relevant here, a Magistrate Judge denied Sampson's proposed fifth amended complaint without prejudice, concluding that he still failed to cure the identified defects and that the proposed amendment would be futile. The Magistrate Judge also sua sponte appointed counsel to represent Sampson. Sampson did not seek review of the Magistrate Judge's order in the District Court.[2] Following discovery, Undersheriff Hornyak filed a motion for summary judgment. The District Court granted that motion on the federal law excessive force claims and declined to exercise supplemental jurisdiction over the state-law claims. Sampson, proceeding pro se, timely filed a notice of appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over the orders granting the motion to dismiss for failure to state a claim

---

[2] Although Sampson filed further motions for leave to amend his complaint, he did so acting pro se. Therefore, those motions were stricken from the record.

[3] Despite Appellees' arguments to the contrary, see Appellees' Br., at 19-20, our review encompasses the orders dismissing the bulk of Sampson's claims and determining that further amendment would be futile. See Fed. R. App. P. 3(c)(4), (6); In re Westinghouse Sec. Litig., 90 F.3d 696, 706 (3d Cir. 1996).

3

and the motion for summary judgment.  See St. Luke's Health Network, Inc. v. Lancaster

Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020); Blunt v. Lower Merion Sch. Dist., 767

F.3d 247, 265 (3d Cir. 2014).  We construe Sampson's pro se filings liberally.  See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

III.

As the Appellees note, Sampson's opening brief "does not even touch on" the

District Court's grant of summary judgment in Undersheriff Hornyak's favor as to the

allegations of spitting.  See Appellees' Br., at 10.  Indeed, even liberally construing

Sampson's brief, he raises arguments concerning only the dismissal of his false arrest,

unlawful search and seizure, and excessive force claims.  Thus, Sampson has forfeited

any challenge to the rejection of the claims brought against Undersheriff Hornyak.[4]  See

In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016); Mala v. Crown Bay Marina, Inc., 704

F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules

that apply to all other litigants").[5]  Sampson has also forfeited any challenge to the

---

[4] To the extent that Sampson seeks to challenge the dismissal of his state law claims, we conclude that the District Court did not abuse its discretion.  See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

[5] In recounting the facts, Sampson's reply brief makes a passing reference to Undersheriff Hornyak spitting on him during the arrest.  See Reply Br., at 7-9, ¶ 11.  This is insufficient to preserve the issue for review.  See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks omitted)); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017) (noting that "arguments

Magistrate Judge's order denying leave to file a fifth amended complaint and concluding that amendment would be futile. See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251-52 (3d Cir. 1998) (explaining that Magistrate Judges are authorized to decide nondispositive pretrial matters, such as a motion to amend an answer, and that "a party failing to appeal to the district court a magistrate judge's order in a nondispositive matter may not raise an objection to it on appeal to a circuit court"). We also conclude that Sampson has forfeited any challenge to the dismissal of his conspiracy claims under 42 U.S.C. § 1985(3) and his claims based on a "violation of right to familial integrity."

In addition, we agree with the rejection of Sampson's remaining claims because, as stated in District Court's March 2017 opinion, they were either foreclosed by precedent or contained only conclusory allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations omitted)); Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) (stating that blanket assertions and conclusory statements by themselves do not suffice to show plausibility). Sampson's false arrest claims failed because he did not describe the allegedly false information that was used in the arrest warrant application or adequately plead that such information was necessary to the finding of probable cause. See Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000). His allegations of unlawful search and

raised for the first time in a reply brief or at oral argument" are forfeited).

5

seizure were incomplete and conclusory; he did not describe the circumstances under which the police obtained a DNA swab and seized his personal property. Cf. Maryland v. King, 569 U.S. 435, 465-66 (2013) (holding that a warrant is not required to take and analyze a cheek swab of an arrestee's DNA "when officers make an arrest supported by probable cause to hold for a serious offense"). Finally, Sampson's bare allegation that he was "assaulted" is insufficient to state an excessive force claim. See Curley v. Klem, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (explaining that to state a claim for excessive force under the Fourth Amendment, a plaintiff must show that a seizure occurred and was carried out in an unreasonable manner); Graham v. Connor, 490 U.S. 386, 396 (1989) (stating that the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight").

Accordingly, we will affirm the District Court's judgment.